IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

B & R Plastics, Inc., a Colorado corporation,

Plaintiff,

v.

Kikkerland Design, Inc., a New York domestic business corporation,

Defendant.

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, B & R Plastics, Inc., by and through their counsel, Fischer & Fischer, LLP, and asserts the following Complaint against the above named Defendant, stating as follows:

### JURISDICTION AND VENUE

1. The Plaintiff, B & R Plastics, Inc., is a Colorado corporation with its principal place of business at 4550 Kingston Street, Denver, Colorado 80239.

2. The Defendant, Kikkerland Design, Inc., is a New York domestic business corporation authorized to do business in other states throughout the country.

3. The Defendant through its agents, upon information and belief, does business in the State of Colorado and throughout the United States.

4. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332 and 28 U.S.C. § 1338.

5. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. §1400 since the Defendant has, through its agents, committed acts of infringement and conducted business

in the State of Colorado and this judicial district. Such events include, but are not limited to, sales, marketing, distribution, offers for sale, and importation into Colorado, in addition to contributory and inducing conduct relative thereto.

## GENERAL ALLEGATIONS

6.     Plaintiff is the licensee of a Patent designed and invented as a foldable stool. Said Design Patent was issued to inventor Reed E. Henschel and Brad Eveleth under Patent No. US D460,566 S on July 16, 2002. A copy of said Patent is attached hereto as "Exhibit 1".

7.     Plaintiff is the licensee of a Patent designed and invented as a foldable stool. Said Design Patent was issued to inventor Bradley R. Eveleth under Patent No. US D566,856 S on April 15, 2008. A copy of said Patent is attached hereto as "Exhibit 2".

8.     Defendant, through its divisions, subsidiaries and/or agents, is engaged, inter alia, in the business of manufacturing, marketing, distributing and selling infringing products advertised as the EZ Step-Up 9 Inch Stepstool and the EZ Step-Up 15.25 Inch Stepstool.

9.     The Step Stools are direct knock-offs of Plaintiff's products.

10.    The Defendant's products use Plaintiff's patent and technology, or a reasonable facsimile therefore, in direct competition with Plaintiff's own product.

11.    Upon information and belief, the Defendant is fully aware of Plaintiff's Patents and products as Defendant's products are almost identical duplications.

12.    Upon information and belief, the Defendant's importer from China has been put on notice by Plaintiff through various correspondence related to the improper manufacture of said products.

13.     Despite being put on notice of the infringement, Defendant continues to make, distribute, advertise, market and sell the EZ Step-Up 9 Inch Stepstool and the EZ Step-Up 15.25 Inch Stepstool which infringe on the Patents licensed to Plaintiff.

14.     Defendant's acts of marketing, distributing, and otherwise infringing against Plaintiff has occurred throughout the United States, and specifically in the State of Colorado, through Defendant or its agents, authorizing this Court to extend the long-arm jurisdiction, pursuant to C.R.S. § 13-1-124.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement)

15.     Plaintiff incorporates and restates the foregoing allegations as set forth above as though fully set forth herein.

16.     Defendant is infringing Plaintiff's Patents by, inter alia, manufacturing, distributing, advertising, marketing and selling the EZ Step-Up 9 Inch Stepstool and the EZ Step-Up 15.25 Inch Stepstool.  Such infringement is deliberate, willful, intentional and with full knowledge of the existence and validity of the Patents licensed to Plaintiff.

17.     Upon information and belief, Defendant has been infringing the Patents for approximately six (6) months.  Defendant's infringement has continued to date and will continue to do so unless enjoined by the Court.

18.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages in an amount to be ascertained at trial.

## SECOND CLAIM FOR RELIEF

### (Injunction)

19.     Plaintiff incorporates and restates the allegations set forth above as though fully set forth herein.

3

20. As a direct and proximate result of Defendant's actions of infringing the Patents licensed to Plaintiff, Plaintiff has suffered, and will continue to suffer, irreparable harm.

21. Plaintiff has no adequate remedy at law if Defendant continues to infringe the Patents licensed to Plaintiff.

22. Plaintiff has suffered, and will continue to suffer, irreparable harm and damage unless a preliminary and final injunction are issued enjoining Defendant from infringing the Patents licensed to Plaintiff.

23. Plaintiff will likely prevail on the merits of the case at trial.

### THIRD CLAIM FOR RELIEF

### (Unfair Corporation)

24. Plaintiff incorporates and restates the allegations set forth above as though fully set forth herein.

25. Plaintiff has invested substantial time, energy and resources in developing, marketing, and selling products covered by the Patents.

26. By the above mentioned activities, Defendant has misappropriated Plaintiff's efforts and such are being improperly used by Defendant to compete with Plaintiff in the United States.

27. Defendant has usurped Plaintiff's competitive advantage and interfered with the operation of Plaintiff's legitimate business.

28. Defendant's conduct and activities constitute unfair competition against Plaintiff.

29. Defendant's conduct and activities have damaged Plaintiff in an amount to be determined at trial which is in excess of $75,000.00 and, unless enjoined, will seriously impair the value of Plaintiff's business.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

4

(a)     That it be adjudged that the Patents licensed to Plaintiff have been infringed by Defendant;

(b)     Award Plaintiff a preliminary and permanent final injunction against the continued infringement;

(c)     Order an accounting of Defendant's sales, profits, cost of goods sold and other relevant financial information as it relates to the EZ Step-Up 9 Inch Stepstool and the EZ Step-Up 15.25 Inch Stepstool;

(d)     Award Plaintiff damages against Defendant in an amount adequate to compensate Plaintiff for such infringement and not less than a reasonable royalty, together with interest and costs, in an amount to be ascertained;

(e)     Award Plaintiff an additional sum on account of the willful, intentional and deliberate character of Defendant's infringing acts pursuant to 35 U.S.C. 284;

(f)     Award Plaintiff reasonable attorney fees and costs against Defendant; and

(g)     Grant Plaintiff all other legal and equitable relief for which Plaintiff is entitled.

**PLAINTIFF DEMANDS A JURY OF 12.**

5

Dated this 5th day of December, 2008.

Respectfully submitted,

*Fischer & Fischer, LLP*

/s/ Erik G. Fischer
Erik G. Fischer, #16856
Fischer & Fischer, LLP
125 S. Howes Street, Suite 900
Fort Collins, CO 80521
Telephone: (970) 482-4710
Facsimile: (970) 482-4729
efischer@fischerandfischerlaw.com
Attorney for Plaintiff

US00D460566S

(12) **United States Design Patent**    (10) Patent No.:    **US D460,566 S**
Henschel et al.    (45) Date of Patent:    ✶✶    Jul. 16, 2002

(54) **FOLDABLE STOOL**

(76) Inventors: Reed E. Henschel, 219 Main St., P.O. Box 337, Faith, SD (US) 57626; Brad Eveleth, Box 68-5 P.O. HC 59, Edgemont, SD (US) 57735

(**) Term: 14 Years

(21) Appl. No.: 29/144,406

(22) Filed: Jul. 2, 2001

(51) LOC (7) Cl. ........................................ 25-04
(52) U.S. Cl. ........................................ D25/65
(58) Field of Search ...................... D25/65, 62, 63; 108/124, 129, 130, 131, 132; 16/DIG. 13; 297/44, 42, 188.1

(56)    **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 1,970,196 A | 8/1934 | Rodemeyer | |
| 3,077,282 A | 2/1963 | Eggers | |
| 3,673,636 A | 7/1972 | Ruiz | |
| 4,043,277 A | * 8/1977 | Wallace | 108/35 |
| 4,253,268 A | 3/1981 | Mayr | |
| D255,026 S | 6/1982 | Macho et al. | D6/353 |
| 4,385,488 A | 5/1983 | Macho et al. | |
| 4,630,861 A | 12/1986 | Henschel | |
| 4,807,329 A | 2/1989 | Mossaigue | |
| 5,361,456 A | 11/1994 | Newby, Sr. | |
| 5,697,669 A | 12/1997 | Yamini | |
| 5,845,366 A | 12/1998 | Kuroda | |
| 5,940,934 A | 8/1999 | Turner | |

* cited by examiner

Primary Examiner—Stella Reid
(74) Attorney, Agent, or Firm—Kinney & Lange, P.A.

(57)    **CLAIM**

The ornamental design for a foldable stool, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of the present invention in an open position;
FIG. 2 is a top plan view of the present invention in an open position;
FIG. 3 is a front elevational view of the present invention in an open position;
FIG. 4 is a right side view of the present invention in an open position;
FIG. 5 is a rear elevational view of the present invention in an open position;
FIG. 6 is a left side view of the present invention in an open position;
FIG. 7 is a bottom plan view of the present invention in an open position;
FIG. 8 is a perspective view of the present invention in a folded or collapsed position;
FIG. 9 is a top plan view of the present invention in a folded or collapsed position;
FIG. 10 is a front elevational view of the present invention in a folded or collapsed position;
FIG. 11 is a right side view of the present invention in a folded or collapsed position;
FIG. 12 is a rear elevational view of the present invention in a folded or collapsed position;
FIG. 13 is a left side view of the present invention in a folded or collapsed position; and,
FIG. 14 is a bottom plan view of the present invention in a folded or collapsed position.

1 Claim, 13 Drawing Sheets



**EXHIBIT**

1

US00D566856S

(12) **United States Design Patent**
Eveleth

(10) **Patent No.:**     **US D566,856 S**
(45) **Date of Patent:**     ✱✱ **Apr. 15, 2008**

(54) **FOLDING STOOL WITH STEP**

(76) Inventor: **Bradley R. Eveleth**, 24021 Stoneridge Rd., Rapid City, SD (US) 57702

(✱✱) Term: 14 Years

(21) Appl. No.: 29/236,509

(22) Filed: **Aug. 16, 2005**

(51) LOC (8) Cl. ................................................... 25-04
(52) U.S. Cl. ................................................ D25/65
(58) Field of Classification Search ............... 182/152, 182/156, 163, 165, 33; D25/64, 65; D6/350, D6/351
See application file for complete search history.

(56)                    **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 318,298 | A | 5/1885 | Roberts |
| 1,263,717 | A | 4/1918 | Stone |
| 1,811,674 | A ✱ | 6/1931 | Longley ...................... 108/171 |
| D169,461 | S ✱ | 4/1953 | Tilley ........................... D25/65 |
| 3,232,252 | A | 2/1966 | Nelson |
| 4,359,243 | A | 11/1982 | Crutcher |
| 4,389,946 | A | 6/1983 | Hwang |
| 4,437,413 | A | 3/1984 | O'Brian et al. |
| 4,533,179 | A | 8/1985 | Nichols et al. |
| 4,630,861 | A | 12/1986 | Henschel |
| 4,648,658 | A | 3/1987 | Calco |
| 4,809,619 | A | 3/1989 | Piretti |
| 4,951,996 | A | 8/1990 | Shannon |
| 5,382,081 | A | 1/1995 | Henry |
| 5,697,675 | A | 12/1997 | DeWitt et al. |
| 6,089,522 | A | 7/2000 | Haslem et al. |
| 6,257,153 | B1 | 7/2001 | Portugal |
| D448,091 | S | 9/2001 | Eveleth |
| D449,386 | S ✱ | 10/2001 | Cheris et al. ................. D25/65 |
| D460,566 | S ✱ | 7/2002 | Henschel et al. ............. D25/65 |
| 6,568,506 | B1 ✱ | 5/2003 | Donnalley .................. 182/223 |
| D501,683 | S ✱ | 2/2005 | Hernandez et al. .......... D25/65 |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| GB | 397413 | 3/1933 |

GB     397954     9/1933

OTHER PUBLICATIONS

Photos of Turtle Stool, dated Aug. 14, 2001, pp. 1-3.

✱ cited by examiner

*Primary Examiner*—Doris Clark
(74) *Attorney, Agent, or Firm*—Sheridan Ross P.C.

(57)                    **CLAIM**

The ornamental design for a folding stool with step, as shown and described.

**DESCRIPTION**

FIG. 1 is a front perspective view of a folding stool with step showing my new design in an open position, the broken lines depicting environment and forming no part of the claimed design;

FIG. 2 is a right elevation view of the invention illustrated in FIG. 1 in an open position;

FIG. 3 is a left elevation view of the invention illustrated in FIG. 1;

FIG. 4 is a top plan view of the invention illustrated in FIG. 1;

FIG. 5 is rear elevation view of the invention illustrated in FIG. 1;

FIG. 6 is a front elevation view of the invention illustrated in FIG. 1;

FIG. 7 is a bottom plan view of the invention illustrated in FIG. 1;

FIG. 8 is a right elevation view of the invention illustrated in FIG. 1 in a folded position; and,

FIG. 9 is a front elevation view of the invention illustrated in FIG. 1, illustrated in a folded position.

**1 Claim, 4 Drawing Sheets**



EXHIBIT
2