IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02646-REB-MEH

B & R PLASTICS, INC., a Colorado corporation,

     Plaintiff,

v.

KIKKERLAND DESIGN, INC., a New York domestic business corporation,

     Defendant.

---

## MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on April 28, 2009.**

     Defendant's Agreed Motion to Vacate Scheduling Conference [filed April 27, 2009; docket #27] is **granted in part and denied in part**.  The Scheduling Conference currently set for April 29, 2009 is **vacated and rescheduled** for **May 22, 2009**, at **8:15 a.m.** in Courtroom 203 on the second floor of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

     No further requests to continue the Scheduling Conference in this matter will be granted.

     **IT IS FURTHER ORDERED** that counsel for the parties in this case are to hold a pre-scheduling conference meeting and prepare a proposed Scheduling Order in accordance with Fed. R. Civ. P. 26(f), as amended, on or before **May 1, 2009**.  Pursuant to Fed. R. Civ. P. 26(d), no discovery shall be submitted until after the pre-scheduling conference meeting, unless otherwise ordered or directed by the district judge in this case.  Due to the delay in commencing discovery in this matter, the parties shall prepare the Scheduling Order by calendaring a four-month discovery period.

     The parties shall submit their proposed scheduling order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures V.L. **no later than five (5) business days** prior to the scheduling conference.  The proposed Scheduling Order to be submitted to the Magistrate Judge under the ECF Procedures must be submitted in a useable format (i.e., Word or WordPerfect only) and shall be emailed to the Magistrate Judge at *Hegarty_Chambers@cod.uscourts.gov*.

     Attorneys and/or pro se parties not participating in ECF shall submit their proposed scheduling order on paper to the Clerk's Office.  However, if any party in this case is participating in ECF, it is the responsibility of that party to submit the proposed scheduling order pursuant to the District of Colorado ECF Procedures.

     **The parties shall prepare the proposed Scheduling Order in accordance with the form which may be downloaded in richtext format from the forms section of the Court's website at**

www.co.uscourts.gov. **Instructions for downloading in richtext format are posted in the forms section of the website.**

All out-of-state counsel shall comply with D.C. Colo. LCivR 83.3C prior to the Scheduling/Planning conference.

The parties are further advised that they shall not <u>assume</u> that the Court will grant the relief requested in any motion. Failure to appear at a Court-ordered conference or to comply with a court-ordered deadline which has not be vacated by Court order may result in the imposition of sanctions.

**IT IS FURTHER ORDERED** that a Settlement Conference will be held in this case on the same day, **May 22, 2009**, at **8:15 a.m.** in Courtroom 203 on the second floor of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. Parties should check-in with Chambers upon arrival using the intercom to the left of the second floor elevators.

Counsel <u>shall have all parties present</u>, including all individually named parties or a representative of each named entity. Counsel shall also have in attendance all individuals with <u>full authority</u> to negotiate all terms and demands presented by the case, and <u>full authority</u> to enter into a settlement agreement, including, but not limited to, an adjustor, if an insurance company is involved. "Full authority" means that the person who attends the settlement conference has the complete and unfettered capacity and authority to meet or pay all terms or amounts which are demanded or sought by the other side of the case without consulting with some other person, committee or agency. If any person has limits upon the extent or amount within which he or she is authorized to settle on behalf of a party, that person does not have "full authority." **<u>This requirement is not fulfilled by the presence of counsel and/or an insurance adjustor alone</u>**.

In exceptional circumstances, a party's appearance by phone may be approved by Chambers. Any party seeking such relief should confer with opposing counsel before contacting Chambers directly at 303-844-4507.

No person is ever required to settle a case on any particular terms or amounts. However, both parties must participate in the settlement conference in good faith, pursuant to Fed. R. Civ. P. 16(f). If any party or party representative attends the settlement conference without full authority, fails to attend the settlement conference without prior Court approval, or fails to participate in the conference in good faith, and the case fails to settle, that party may be ordered to pay the attorney's fees and costs for the other side. *If one or both parties believe that the matter may not be ripe for negotiations, counsel should contact Chambers prior to the conference to reschedule the settlement conference to a more appropriate time.*

In order that productive settlement discussions can be held, counsel shall prepare and submit **two** settlement documents: one to be submitted to the other party or parties, and the other to be submitted by email only to the Magistrate Judge. The documents which are presented to opposing counsel shall contain an overview of the case from the presenter's point of view, shall summarize the evidence which support that side's claims and may present a demand or offer. These documents should be intended to persuade the clients and counsel on the other side.

The document, to be emailed to the Magistrate Judge (<u>not</u> submitted for filing to the court) at *Hegarty_Chambers@cod.uscourts.gov*, shall contain copies of the above materials, but additionally shall contain any confidential comments which counsel wishes to make, any comments with regard to perceived weaknesses in the case and any comments which would be helpful to the Magistrate Judge in assisting the parties to negotiate a settlement.  The settlement documents shall be submitted **<u>no later than five business days</u>** prior to the date of the settlement conference. Statements and exhibits consisting of more than 30 pages are to be submitted to Chambers in hard copy via regular mail or hand delivery.

Please remember that anyone seeking entry into the Byron G. Rogers United States Courthouse will be required to show a valid photo identification.  *See* D.C. Colo. LCivR 83.2B.