IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02646-REB-MEH

B & R PLASTICS, INC., a Colorado corporation,

Plaintiff,

v.

KIKKERLAND DESIGN, INC., a New York domestic business corporation,

Defendant.

## ORDER ON MOTION TO AMEND

Before the Court is Plaintiff's Renewed [unopposed] Motion to Amend Complaint [docket #77]. The matter is briefed and has been referred to this Court for disposition. Oral argument will not materially assist the Court in adjudicating the motion. For the following reasons, this Court **grants** the Plaintiff's motion.

**A.  Background**

Plaintiff initiated this action on December 5, 2008. The Scheduling Order, issued May 22, 2009, set the deadline for joinder of parties and amendment of pleadings on July 6, 2009. Plaintiff filed its original Motion to Amend Complaint on September 2, 2009, two months past the deadline for amendments in this case.

Plaintiff seeks to add twelve defendants to this lawsuit. The current operative pleading, Plaintiff's Complaint and Jury Demand, alleges claims for patent infringement and unfair competition, and seeks injunctive relief and recovery for economic damages against Defendant Kikkerland Design, Inc. *See* Complaint, docket #1. In the proposed Amended Complaint, Plaintiff alleges the same claims and seeks the same relief against twelve additional defendants, who allegedly infringed the same two patents by manufacturing, designing, marketing and selling the

same two products (foldable step stools, advertised as the EZ Step-Up 9 Inch Stepstool and the EZ Step-Up 15.25 Inch Stepstool). Plaintiff asserts that it obtained information regarding the alleged infringing conduct by the new defendants through discovery in this case.

Plaintiff contends that joinder is proper under Fed. R. Civ. P. 20(a)(2) since the claims arise out of the same transaction or occurrence in that there is a likelihood of overlapping proof and duplication of testimony concerning the validity of Plaintiff's patents, the products and whether the defendants' conduct has infringed the patents. In addition, Plaintiff argues that its claims all share a common question of law concerning whether infringement occurred, as well as common questions of fact concerning the exact same products and, likely, the same conduct. *See* docket #80. Defendant does not oppose Plaintiff's motion. Docket #69.

**B.     Discussion**

    1.     <u>Standard of Review</u>

Because the motion in this case would require an amendment of the Scheduling Order, the Court employs a two-step analysis. A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* "Nevertheless, while the pretrial order defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'" *Summers v. Missouri Pacific R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (quoting *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987) (discussing amendment of the scheduling order). Further, rigid adherence to the scheduling order is not advisable. *Sil-Flo, Inc.*

2

*v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to timely amend may be excused if due to oversight, inadvertence or excusable neglect. *Id.*

If good cause is shown for amending the Scheduling Order, the movant must meet the requirements of Fed. R. Civ. P. 15(a). Once a responsive pleading to the complaint is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Id.; Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a) (2009); *see also Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182.

Defendant's motion implicates not only Rule 15(a), but also Rule 20(a) which permits joinder of defendants in a single action if

> any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (2009). When making a decision whether to allow the permissive joinder of a party, a court should consider such factors as the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship

3

between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action. *MDM Group Assocs., Inc. v. Midgett Realty, Inc.*, No. 07-cv-02543-WDM-CBS, 2008 WL 2756926, *4 (D. Colo. July 14, 2008) (citing *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980)).

2.  Analysis

One Magistrate Judge in this District has held that "[t]he fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline." *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668-69 (D. Colo. 2001). The circumstances surrounding Plaintiff's discovery of claims against new defendants based on the existing facts underlying the Motion to Amend do not support a finding of lack of diligence. According to the Plaintiff, these new claims were learned during the discovery period. Moreover, although the within renewed motion was filed as late as October 23, 2009, the original motion was filed September 2, 2009 (four months prior to the January 11, 2010 discovery cutoff), and the disposition of the motion has been delayed due to procedural deficiencies. Defendant does not oppose the motion and the Court perceives no undue delay nor prejudice to Defendant with the addition of new defendants at this stage of the litigation. Thus, considering the relevant factors discussed above, the Court finds good cause for the timing of Plaintiff's Motion to Amend beyond the date in the Scheduling Order.

Furthermore, the Court believes that the proposed joinder of defendants is appropriate here. Rule 20 serves trial convenience, expedites determination of disputes and avoids multiple lawsuits. *Kohn v. American Housing Found. I, Inc.*, 170 F.R.D. 474, 476 (D. Colo. 1996). Courts construe Rule 20(a) broadly because "joinder of claims, parties and remedies is strongly encouraged."

*Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D. Kan. 2001) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

Claims may arise out of the same transaction or occurrence if the infringing conduct by the putative defendants is "logically related." *See Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) ("'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.") (quoting *Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926)). "Language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." *Sprint Commc'ns. Co. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 617 (2006) (quoting 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1653 (3d ed. 2001)).

The allegations in the Amended Complaint are the same as those already made in this case. The allegations involve the infringement of Plaintiff's patents through the manufacture, design, market and sale of the same products, and establish that all defendants use the same Chinese importer, which, allegedly, has been put on notice of the infringing conduct. As such, the Plaintiff will likely introduce the same or similar evidence against each of the defendants in this case. Thus, applying a flexible definition of "transaction," the Court concludes that the alleged infringements by the defendants are logically related sufficient to satisfy Rule 20(a)(2)'s requirement. *See Mosley*, 497 F.2d at 1333; *see also Sprint*, 233 F.R.D. at 617 (finding joinder proper where all defendants allegedly infringed the same patents); *MyMail Ltd. v. America Online, Inc., et al.*, 223 F.R.D. 455, 456-57 (E.D. Tex. 2004) (same).

Likewise, the Court finds that the claims against all defendants involve at least one common question of law or fact. In the Amended Complaint, the Plaintiff seeks recovery of its damages under identical legal theories against each defendant. As noted above, the factual allegations against each defendant are the same at this pretrial stage; the Court acknowledges that certain facts may change through discovery, but only some, not all, questions of law or fact must be common for joinder to be proper. *See Sprint*, 233 F.R.D. at 617.

Therefore, the Court finds that Plaintiff has established good cause for amending its Complaint at this stage of the litigation to join twelve new defendants in the action.

**C.   Conclusion**

Accordingly, for the reasons stated above, the Court **grants** the Plaintiff's Renewed Motion to Amend Complaint [filed October 23, 2009; docket #77]. The Clerk of the Court is directed to file the Amended Complaint and Jury Demand found at docket #74-3. Plaintiff shall serve the Amended Complaint upon the new defendants **on or before November 30, 2009**, in compliance with Fed. R. Civ. P. 4 and all other applicable rules.

Dated this 2nd day of November, 2009, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge