UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 08-cv-02646-REB-MEH

B&R PLASTICS, INC., a Colorado corporation,

    Plaintiff,

v.

KIKKERLAND DESIGN, INC., a New York domestic business corporation,
BATH & BEYOND, INC., a New York corporation,
LTD COMMODITIES, LLC, a foreign LLC, d/b/a ABC Distributing,
THE HOME DEPOT, INC. a Delaware corporation,
CRATE & BARREL HOLDINGS, INC., a Nebraska corporation,
THE AFTERNOON, INC., a Nebraska corporation,
YOLK INDUSTRIES, a California corporation,
AMAZON.COM, INC., a Delaware corporation,
QVC, INC., a Delaware corporation, a subsidiary of
Liberty Mutual Corporation, a Delaware corporation,
GARY URDANG, an individual and d/b/a
ALWAYS SOMETHING BRILLIANT,
THE SPORTSMAN'S GUIDE, INC., a Minnesota corporation,
CARMEL BAY COMPANY, a California corporation, and
METRO MARKET SALES INC., a New York corporation

    Defendants.

---

**KIKKERLAND DESIGN, INC.'S ANSWER TO B&R'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

---

Defendant Kikkerland Design, Inc. ("Kikkerland"), by its undersigned counsel, for its answer to Plaintiff B&R Plastics, Inc.'s ("B&R") Amended Complaint, respectfully states as follows:

2583801.01

2

1. Kikkerland states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of B&R's Amended Complaint and, therefore, denies these allegations.

2. Kikkerland admits that it is a New York corporation and has done business in many states in the United States, but denies that it is specifically authorized to do business in all states throughout the country.

3. Kikkerland states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of B&R's Amended Complaint and, therefore, denies these allegations.

4. Kikkerland states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of B&R's Amended Complaint and, therefore, denies these allegations.

5. Kikkerland states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of B&R's Amended Complaint and, therefore, denies these allegations.

6. Kikkerland states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of B&R's Amended Complaint and, therefore, denies these allegations.

7. Kikkerland states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of B&R's Amended Complaint and, therefore, denies these allegations.

8. Kikkerland states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of B&R's Amended Complaint and, therefore, denies these allegations.

9. Kikkerland states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of B&R's Amended Complaint and, therefore, denies these allegations.

10. Kikkerland states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of B&R's Amended Complaint and, therefore, denies these allegations.

11. Kikkerland states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of B&R's Amended Complaint and, therefore, denies these allegations.

12. Kikkerland states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of B&R's Amended Complaint and, therefore, denies these allegations.

13. Kikkerland states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of B&R's Amended Complaint and, therefore, denies these allegations.

14. Kikkerland states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of B&R's Amended Complaint and, therefore, denies these allegations.

15.     Kikkerland admits the allegations contained in Paragraph 15 of B&R's Amended Complaint.

16.     Kikkerland admits venue is appropriate in this district. Kikkerland denies the remaining allegations contained in Paragraph 16 of B&R's Amended Complaint.

## GENERAL ALLEGATIONS

17.     Kikkerland admits that on July 16, 2002, United States Design Patent No. D460,566 (the "Henschel Design Patent") entitled "Foldable Stool" was issued by the United States Patent & Trademark Office.  Kikkerland states that it lacks knowledge or information to sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of B&R's Amended Complaint and, therefore, denies these allegations.

18.     Kikkerland admits that on April 15, 2008, United States Design Patent No. D566,856 (the "Eveleth Design Patent") entitled "Foldable Stool With Step" was issued by the United States Patent & Trademark Office.  Kikkerland states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of B&R's Amended Complaint and, therefore, denies these allegations.

19.     Kikkerland admits that it markets and sells two stool products advertised as EZ Step Stool, Short and EZ Step Stool, Tall.  They are also marketed as Easy Fold Step Stool 9" and Easy Fold Step Stool 15.5".  Kikkerland denies the remaining allegations contained in Paragraph 19 of B&R's Amended Complaint.

20.     Kikkerland denies the allegations contained in Paragraph 20 of B&R's Amended Complaint.

21.     Kikkerland denies the allegations contained in Paragraph 21 of B&R's Amended Complaint.

22.     Kikkerland denies the allegations contained in Paragraph 22 of B&R's Amended Complaint.

23.     Kikkerland states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of B&R's Amended Complaint and, therefore, denies these allegations.

24.     Kikkerland admits that it markets and sells two stool products advertised as EZ Step Stool, Short and EZ Step Stool, Tall. They are also marketed as Easy Fold Step Stool 9" and Easy Fold Step Stool 15.5". Kikkerland denies the remaining allegations contained in Paragraph 24 of B&R's Amended Complaint.

25.     Kikkerland denies the allegations contained in Paragraph 25 of B&R's Amended Complaint.

**COUNT I**
**(Patent Infringement)**

26.     Kikkerland repeats its answers to Paragraph 1 through 25 above.

27.     Kikkerland admits that it markets and sells two stool products advertised as EZ Step Stool, Short and EZ Step Stool, Tall. They are also marketed as Easy Fold Step Stool 9" and Easy Fold Step Stool 15.5". Kikkerland denies the remaining allegations contained in Paragraph 27 of B&R's Amended Complaint.

28.     Kikkerland denies the allegations contained in Paragraph 28 of B&R's Amended Complaint.

29. Kikkerland denies the allegations contained in Paragraph 29 of B&R's Amended Complaint.

## COUNT II
### (Injunction)

30. Kikkerland repeats its answers to paragraph 1 through 29 above.

31. Kikkerland denies the allegations contained in Paragraph 31 of B&R's Amended Complaint.

32. Kikkerland denies the allegations contained in Paragraph 32 of B&R's Amended Complaint.

33. Kikkerland denies the allegations contained in Paragraph 33 of B&R's Amended Complaint

34. Kikkerland denies the allegations contained in Paragraph 34 of B&R's Amended Complaint.

## COUNT III
### (Unfair Competition)

35. Kikkerland repeats its answers to Paragraphs 1 through 34 above.

36. Kikkerland denies the allegations contained in Paragraph 36 of B&R's Amended Complaint.

37. Kikkerland denies the allegations contained in Paragraph 37 of B&R's Amended Complaint.

38. Kikkerland denies the allegations contained in Paragraph 38 of B&R's Amended Complaint.

39. Kikkerland denies the allegations contained in Paragraph 39 of B&R's Amended Complaint.

40. Kikkerland denies the allegations contained in Paragraph 40 of B&R's Amended Complaint.

## RESPONSE TO B&R'S PRAYER FOR JUDGEMENT

Kikkerland denies that B&R is entitled to any relief whatsoever in this action, either as prayed for in its complaint or otherwise.

## AFFIRMATIVE DEFENSES

For its further and separate defenses to B&R's complaint, Kikkerland avers:

## FIRST AFFIRMATIVE DEFENSE

41. The Henschel Design Patent is invalid for failing to comply with the conditions and requirements for patentability in 35 U.S.C. §1 *et. seq.,* including but not limited to §§ 101, 102, 103, 113, 171, and/or 256.

## SECOND AFFIRMATIVE DEFENSE

42. The Eveleth Design Patent is invalid for failing to comply with the conditions and requirements for patentability in 35 U.S.C. §1 *et. seq.,* including but not limited to §§ 101, 102, 103, 113, 171, and/or 256.

## THIRD AFFIRMATIVE DEFENSE

43. B&R's alleged causes of action for design patent infringement are barred under the doctrine of prosecution history estoppel, and B&R is estopped from claiming that the Henschel and Eveleth Design Patents cover or include any products made, used, offered for sale, sold or imported by Kikkerland.

### FOURTH AFFIRMATIVE DEFENSE

44. The manufacture and/or sale of Kikkerland products do not infringe the Henschel and Eveleth Design Patents.

### FIFTH AFFIRMATIVE DEFENSE

45. B&R's prayer for damages with respect to the Henschel and Eveleth Design Patent is limited by 35 U.S.C. § 287

### SIXTH AFFIRMATIVE DEFENSE

46. The Henschel and Eveleth Design Patents are unenforceable due to the acts of B&R.

### SEVENTH AFFIRMATIVE DEFENSE

47. B&R's claims for relief are barred by the doctrine of laches. B&R delayed filing suit for an unreasonable and inexcusable length of time from the time that B&R knew or reasonably should have known of alleged claims against Kikkerland. This delay operated to the prejudice of Kikkerland.

### EIGHTH AFFIRMATIVE DEFENSE

48. B&R's claims for relief are barred by the doctrine of equitable estoppel.

### NINTH AFFIRMATIVE DEFENSE

49. B&R's is barred in whole or in part from seeking any relief because of the equitable doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

50. B&R is barred in whole or in part from seeking any relief because of its knowledge of the wrongful, fraudulent and inequitable conduct committed on the Patent Office in the Procurement of the Henschel and Eveleth Design Patents.

### ELEVENTH AFFIRMATIVE DEFENSE

51.     B&R's is barred in whole or in part from seeking any relief because of its misuse of the Henschel and Eveleth Design Patents.

### TWELFTH AFFIRMATIVE DEFENSE

52.     By reason of the proceedings in the Patent Office relating to the prosecution of the applications which led to the issuance of the Henschel and Eveleth Design Patents, B&R is estopped from asserting a construction of the claim of the Henschel and Eveleth Design Patents that would read on any products made, sold, and offered for sale or imported by Kikkerland.

### THIRTEENTH AFFIRMATIVE DEFENSE

53.     The Henschel and Eveleth Design Patents are invalid and unenforceable because, on information and belief, they were procured without fully informing the Patent Office of all information known to those persons having a duty of candor and good faith dealing with the Patent Office regarding the applications for the Henschel and Eveleth Design Patents, which would have been relevant and material to a reasonable patent examiner in deciding whether to allow the Henschel and Eveleth Design Patents to issue.

### FOURTEENTH AFFIRMATIVE DEFENSE

54.     B&R lacks standing to enforce the Henschel and Eveleth Design Patents because it is neither the owner nor exclusive licensee of the Henschel and Eveleth Design Patents.

### FIFTEENTH AFFIRMATIVE DEFENSE

55.     Kikkerland reserves the right to raise additional defenses as it becomes aware of additional information learned through discovery.

### COUNTERCLAIMS

Counter-claim Plaintiff Kikkerland Design, Inc., ("Kikkerland") alleges as follows:

1. In this action, Kikkerland seeks a declaratory judgment of invalidity, non-infringement and unenforceability of United States Patent No. D460,566 ("the Henschel Design Patent") and of United States Design Patent No. D566,856 ("the Eveleth Design Patent").

## PARTIES

2. Kikkerland Design, Inc. is a New York corporation having a principal place of business at 423-427 West 127th Street, New York, New York 10027.

3. On information and belief, B&R is a corporation organized under the laws of Colorado, having a principal place of business in Denver Colorado

## JURISDICTION

4. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq*.

5. Subject matter jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338, 2201 and 2202.

6. This Court has personal jurisdiction over B&R because of its prior acts before this Court.

7. Venue lies in the District of Colorado pursuant to 28 U.S.C. §1391(b) and (c).

## BACKGROUND

8. Kikkerland markets and sells a variety of household items including two foldable stools that are marketed and sold as EZ Step Stool, Short and EZ Step Stool, Tall. They are also marketed as Easy Fold Step Stool 9" and Easy Fold Step Stool 15.5".

9. B&R has failed to conduct the necessary and required due diligence investigation prior to accusing Kikkerland of infringement and suing Kikkerland.

### FIRST CLAIM FOR RELIEF
### Declaratory Judgment of Invalidity, Non-Infringement, and Unenforceability of United States Patent No. D460,566

10. Kikkerland adopts, alleges and incorporates by reference as if fully set forth herein, Paragraphs 1-9 of this Counterclaim.

11. United States Patent No. D460,566 entitled "Foldable Stool" issued on July 16, 2002 ( "the Henschel Design Patent").  A copy of the Henschel Design Patent is attached as Exhibit A to this Counterclaim.

12. An actual controversy exists between Kikkerland and B&R with respect to which Kikkerland requires a Declaration of Rights by this Court.  The controversy relates to the validity, enforceability, and alleged infringement of the Henschel Design Patent, alleged to be licensed by B&R and which B&R has asserted against Kikkerland and its two foldable stools.

13. The Henschel Design Patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in 35 U.S.C. §1 et. seq., including, but not limited to, §§ 101, 102, 103, 113, 171, and/or 256.

14. By reason of statements in the Henschel Design Patent, B&R is estopped from construing the claim of the Henschel Design Patent to cover any foldable stool made, offered for sale, sold or imported by Kikkerland or any process performed by or in conjunction with any foldable stool made, offered for sale, sold or imported by Kikkerland.

15. By reason of B&R's actions, the Henschel Design Patent is unenforceable.

## SECOND CLAIM FOR RELIEF
### Declaratory Judgment of Invalidity, Non-Infringement, and Unenforceability of United States Patent No. D566,856

16.     Kikkerland adopts, alleges and incorporates by reference as if fully set forth herein, Paragraphs 1-15 of this Counterclaim.

17.     United States Patent No. D566,856 entitled "Foldable Stool With Step" issued on April 15, 2008 ("the Eveleth Design Patent").  A copy of the Eveleth Design Patent is attached as Exhibit B to this Counterclaim.

18.     An actual controversy exists between Kikkerland and B&R with respect to which Kikkerland requires a Declaration of Rights by this Court.  The controversy relates to the validity, enforceability, and alleged infringement of the Eveleth Design Patent, alleged to be licensed by B&R and which B&R has asserted against Kikkerland and its two foldable stools.

19.     The Eveleth Design Patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in 35 U.S.C. §1 et. seq., including, but not limited to, §§ 101, 102, 103, 113, 171, and/or 256.

20.     By reason of statements in the Eveleth Design Patent, B&R is estopped from construing the claim of the Eveleth Design Patent to cover any foldable stool made, offered for sale, sold or imported by Kikkerland or any process performed by or in conjunction with any foldable stool made, offered for sale, sold or imported by Kikkerland.

21.     By reason of B&R's actions, the Eveleth Design Patent is unenforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, Kikkerland demands:

A.  A declaratory judgment that the claim of the Henschel Design Patent is not infringed by Kikkerland;

B.  A declaratory judgment that the claim of the Henschel Design Patent is invalid;

C.  A declaratory judgment that the claim of the Henschel Design Patent is unenforceable;

D.  A declaratory judgment that the claim of the Eveleth Design Patent is not infringed by Kikkerland;

E.  A declaratory judgment that the claim of the Eveleth Design Patent is invalid;

F.  A declaratory judgment that the claim of the Eveleth Design Patent is unenforceable;

G.  That B&R, its officers, directors, managing agents, employees, attorneys, and all those acting in concert or participation with them be enjoined and restrained from taking any action, directly or indirectly, to threaten infringement of the Henschel Design Patent.

H.  That B&R, its officers, directors, managing agents, employees, attorneys, and all those acting in concert or participation with them be enjoined and restrained from taking any action, directly or indirectly, to threaten infringement of the Eveleth Design Patent.

I.  A preliminary and permanent injunction against B&R, its officers, agents, attorneys, employees and those acting in privity of concert with them from suing or threatening suit against Kikkerland or any customer, distributor or agent of Kikkerland for sale or use of Kikkerland foldable stools;

J. A declaration that this is an exceptional case under 35 U.S.C. § 285;

K. An award of attorney's fees and costs in this action; and

L. Such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States, Kikkerland, the Counter-Claim Plaintiff, demands a trial by jury of all claims and all issues triable alleged in B&R's Amended Complaint and in Kikkerland's Counterclaim as of right by jury in this action.

Date:  November 24, 2009       **POLSINELLI SHUGHART, P.C.**

                   *s/ Glenn H. Lenzen*
                   Glenn H. Lenzen, #37189
                   Michael D. Murphy, #14236
                   POLSINELLI SHUGHART, P.C.
                   1050 17th Street, Suite 2300
                   Denver, CO 80265
                   (303) 572-9300
                   (303) 572-7883 (FAX)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of November, 2009, a true and correct copy of the foregoing **KIKKERLAND DESIGN, INC.'S ANSWER TO B&R'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** was served via e-mail transmission, addressed to the following:

*Attorneys for Plaintiff*
Erik G. Fischer
P.O. Box 506
Fort Collins, CO 80522

William W. Cochran, II
Cochran, Freund & Young, LLC
2026 Caribou Drive, Suite 201
Fort Collins, CO 80525

                *s/ Carol Christman*